# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | |
|---|---|
| WESLEY J. CRAWFORD | § |
| | § |
| V. | §     A-09-CA-470 SS |
| | § |
| CLAUDE MAYE | § |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATED MAGISTRATE JUDGE**

TO:     THE HONORABLE SAM SPARKS
         UNITED STATES DISTRICT JUDGE

Before the Court are Petitioner's Petition for Writ of Habeas Corpus (Clerk's Doc. No. 1) and Petitioner's Application to Proceed *In Forma Pauperis* (Clerk's Doc. No. 2), both filed June 17, 2009. On June 29, 2009, the above was referred to the undersigned Magistrate Judge for a determination pursuant to 28 U.S.C. §636(b) and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

## I. Application to Proceed *In Forma Pauperis*

After considering Plaintiff's financial affidavit the Court finds that Plaintiff is indigent. Accordingly, the Court **GRANTS** Plaintiff *in forma pauperis* status. However, before the Court recommends ordering that his Complaint be filed without pre-payment of fees or costs or giving security therefor pursuant to 28 U.S.C. § 1915(a)(1), and orders the Clerk to issue summons in this case, the Court must perform a frivolousness review.

## II. Section 1915(e)(2) Frivolousness Review

Because Plaintiff has been granted leave to proceed *in forma pauperis*, the Court is required by standing order to review the Complaint under 28 U.S.C. §1915(e)(2), which provides in relevant part that "the court shall dismiss the case at any time if the court determines that . . . the action or

appeal is frivolous . . . ." "A district court may dismiss under § 1915 for failure to state a claim if it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Trujillo v. Williams*, 465 F.3d 1210, 1224 (10th Cir. 2006). "A complaint filed IFP may be dismissed as frivolous if it lacks an arguable basis in law or in fact." *Allison v. Kyle*, 66 F.3d 71, 73 (5th Cir. 1995).

After reviewing the petition, the Court believes that it is frivolous and outside the proper scope of a § 2241 motion. In it, Crawford argues that the following are unconstitutional such that he is entitled to immediate and unconditional release: (1) an arrest by federal agents on state, county, city or private property; (2) an arrest warrant issuing upon a criminal complaint; (3) an information or indictment for an alleged violation of federal criminal law from a United States District Court in a "union state;" (4) imprisonment for a period in excess of six months; and (5) imprisonment in a federal prison in a "union state." Essentially, Petitioner argues that the authority of the federal government is limited to specific physical geographic locations, namely those places "purchased or otherwise acquired by the United States," and that any arrest on state, county, city or private property is beyond the powers of the federal government and unconstitutional.

Not only are Petitioner's claims in the instant petition plainly frivolous, they are outside the scope of 28 U.S.C. § 2241 because he has only alleged errors that occurred during or before his sentencing. "A writ of habeas corpus pursuant to 28 U.S.C. § 2241 and a motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 are distinct mechanisms for seeking post-conviction relief." *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). A § 2241 petition on behalf of a sentenced prisoner attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration, and must be filed in the same district where the prisoner is incarcerated. *Id.* A motion under 28 U.S.C. § 2255, by contrast, is the vehicle for attacking errors

that occurred "at or prior to sentencing." *Id*. A § 2255 motion must be filed in the court that sentenced the defendant. *Id.*

The Fifth Circuit has stated that "[a] petition for a writ of habeas corpus pursuant to [section] 2241 is not a substitute for a motion under [section] 2255." *Id.* (quoting *McGhee v. Hanberry*, 604 F.2d 9, 10 (5th Cir.1979)). Thus, a § 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a § 2255 motion. *Pack*, 218 F.3d at 452. However, this Court lacks jurisdiction to construe Petitioner's motion under § 2255 because Petitioner has not received prior authorization from the Court of Appeals for the Fifth Circuit to file a successive § 2255 motion.[1] *See* 28 U.S.C. §§ 2244, 2255; *Hooker v. Sivley*, 187 F.3d 680, 681-82 (5th Cir. 1999).[2]

Petitioner has also failed to demonstrate that his case falls within the so-called "savings clause" provision in 28 U.S.C. § 2255. This provision states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that *the remedy by motion is inadequate or ineffective to test the legality of his detention*.

28 U.S.C. § 2255 (emphasis added). "[T]he burden of coming forward with evidence to show the inadequacy or ineffectiveness of a motion under § 2255 rests squarely on the petitioner." *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir.), *cert. denied,* 122 S.Ct. 476 (2001). It is important to

---

[1] Petitioner states that he has previously filed two § 2255 motions, both of which were denied. *See* Petition (Clerk's Doc. No. 1), at 3–4.

[2] Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a successive § 2255 motion requires certification by the court of appeals prior to filing. 28 U.S.C. §§ 2244, 2255. *See also, United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000) (noting that "§ 2244(b)(3)(A) acts as a jurisdictional bar to the district court's asserting jurisdiction over any successive habeas petition until this court has granted the petitioner permission to file one").

emphasize that "[a] prior unsuccessful § 2255 motion, or the inability to meet the AEDPA's second or successive requirement, does not make § 2255 inadequate or ineffective." *Jeffers*, 253 F.3d at 830 (citing *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000)).

In *Reyes-Requena v. United States*, 243 F.3d 893, 901(5th Cir. 2001), the Fifth Circuit set forth the factors that must be satisfied for a petitioner to file a § 2241 petition in connection with the § 2255 savings clause. First, the petitioner's claim must be "based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense." *Id*. at 904. Second, the claim must have been "foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal or first § 2255 motion." *Id.* The first prong "requires that a retroactively applicable Supreme Court decision establish that the petitioner is 'actually innocent.'" *Jeffers*, 253 F.3d at 830 (quoting *Reyes-Requena*, 243 F.3d at 903-04). "[T]he core idea is that the petitioner may have been imprisoned for conduct that was not prohibited by law." *Reyes-Requena*, 243 F.3d at 903. "'Actual innocence' for the purposes of our savings clause test could only be shown if [petitioner] could prove that based on a retroactively applicable Supreme Court decision, he was convicted for conduct that did not constitute a crime." *Jeffers*, 253 F.3d at 831 (holding that petitioner could not rely upon savings clause because retroactive Supreme Court decision had no effect on whether the facts in petitioner's case would support his conviction for a substantive offense)). Petitioner has failed to show that "based on a retroactively applicable Supreme Court decision, he was convicted for conduct that did not constitute a crime," and thus has failed to demonstrate that his claims fall within the savings clause of § 2255.

Based upon the foregoing, Petitioner's claims are outside the proper scope of a § 2241 motion and this Court lacks jurisdiction to construe his petition as a § 2255 motion. Accordingly, Petitioner's petition must be dismissed. If Petitioner wishes to pursue his § 2255 claims, he must

obtain permission from the United States Court of Appeals for the Fifth Circuit to file a successive § 2255 petition.

### III. RECOMMENDATION

Based upon the foregoing, the undersigned Magistrate Judge RECOMMENDS that the District Court DISMISS Wesley J. Crawford's Writ of Habeas Corpus under 28 U.S.C. § 2241 as frivolous because it is outside the scope of a § 2241 motion, and because he has not obtained permission from the Fifth Circuit to file a successive § 2255 motion. The undersigned Magistrate Judge FURTHER RECOMMENDS that the District Court bar Wesley J. Crawford from filing any pleadings, motions or suits in a federal district court which assert claims which must be brought under 28 U.S.C. § 2255 until he has received permission from the Fifth Circuit Court of Appeals to file such claims in a successive § 2255 motion. Lastly, the undersigned Magistrate Judge RECOMMENDS that the District Court include within its judgment a provision expressly and specifically warning Wesley J. Crawford that filing or pursuing any further claims which must be brought under § 2255 without first receiving permission from the Fifth Circuit may result in the imposition of significant monetary sanctions pursuant to Fed. R. Civ. P. 11.

### IV. WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *Battles v. United States Parole Comm'n,* 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within ten (10) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and

recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-153, 106 S. Ct. 466, 472-74 (1985); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 2nd day of July, 2009.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE